**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Adam S. Dearth,

    Plaintiff,

v.

Carolyn W. Colvin,
Acting Commissioner of the
Social Security Administration,

    Defendant.

Case No. 2:13–cv–16

Judge Michael H. Watson

Magistrate Judge Mark R. Abel

## OPINION AND ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") in this Social Security case recommending the Court affirm the Commissioner's decision. R&R 18, ECF No. 17. Adam S. Dearth ("Plaintiff") timely objected to the R&R. Obj., ECF No. 18. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the decision of the Commissioner.

### I.    FACTS AND PROCEDURAL HISTORY

Plaintiff argues he became disabled in 2009 due to attention deficit hyperactivity disorder ("ADHD"), dysthymic mood, depression, gastroesophageal reflux disease ("GERD"), arthralgia, and chronic neck and shoulder pain, which worsened after a 1999 bike accident. The Administrative Law Judge ("ALJ") denied Plaintiff's claim after a hearing. This appeal focuses on the medical opinions offered to the ALJ and the ALJ's treatment of those opinions.

The record before the ALJ contained an opinion written by Plaintiff's treating physician, Dr. Sylvester. Plaintiff began seeing Dr. Sylvester, a family practitioner, in February 2009. Medical Findings Questionnaire, PAGEID # 373, ECF No. 10. On January 11, 2010, Plaintiff reported to Dr. Sylvester that he had a difficult time focusing in stressful situations, he felt overwhelmed under periods of increased stress, and his pain and fatigue distracted him from being able to stay focused on specific tasks without interruptions. *Id.* at PAGEID # 377. On that same day, Dr. Sylvester completed a medical findings questionnaire, noting that Plaintiff's condition was likely to deteriorate under stress, particularly stress associated with a job, and that he is "unable to focus with stress, he would get overwhelmed and frustrated." *Id.* at PAGEID # 373, ECF No. 10.

The record also contained an opinion by Dr. Briggs. Dr. Briggs was not a treating physician but performed a consultative psychological examination of Plaintiff on November 4, 2009. Clinical Interview, PAGEID # 320–28, ECF No. 10. Dr. Briggs diagnosed Plaintiff with a mood disorder due to head injury, anxiety disorder due to head injury, pain disorder associated with both psychological factors and a general medical condition, and dependent personality disorder. *Id.* at PAGEID # 326. Dr. Briggs opined that Plaintiff was moderately impaired regarding three of four work-related mental capacities: his ability to relate to others, including co-workers and supervisors; his ability to understand, remember, and follow instructions; and his ability to maintain attention, concentration, persistence, and pace to perform repetitive, routine,

simple tasks. *Id.* at PAGEID # 327. Dr. Briggs further opined that Plaintiff was markedly impaired in the final work-related mental capacity: his ability to withstand stress and pressures associated with day-to-day work, stating Plaintiff would "not be emotionally, physically, or psychologically capable of fully functioning within a *demanding* work force." *Id.* (emphasis added).

The ALJ also considered the opinions of State agency psychologists, Dr. Rivera, Dr. Meyer, and Dr. Manos, in forming his decision.[1] On December 3, 2009, Dr. Rivera reviewed Plaintiff's medical records and made a mental residual functional capacity assessment. Psychiatric Review Technique, PAGEID # 339–52, ECF No. 10; Psychiatric Review Technique, PAGEID # 353–66, ECF No. 10; Mental Residual Functional Capacity Assessment; PAGEID # 367–70, ECF No. 10. Dr. Rivera diagnosed Plaintiff with a mood and anxiety disorder due to a head injury, a pain disorder, and dependent personality disorder, and opined that those impairments imposed mild restrictions on Plaintiff's daily activities. *Id.* at PAGEID # 356, 358–60, 363. Dr. Rivera gave weight to all of Dr. Briggs' work-related functional opinions except for his opinion regarding marked limitations in stress. Dr. Rivera gave that opinion less weight because Plaintiff remained relatively functional in his activities of daily living, did not have recurrent inpatient psychiatric treatments, and could continue to play video games and perform some household chores. *Id.* at PAGEID # 323. Dr. Rivera assigned a moderate

---

[1] Dr. Eli Perencevich also completed a Physical Residual Functional Capacity Assessment, PAGEID # 330–38, ECF No. 10, but he did not address Drs. Sylvester's or Briggs' opinions as they were not included in the material he reviewed.

limitation for that work-related function. *Id.* Thus, Dr. Rivera determined that Plaintiff retained the ability to perform simple and mildly complex tasks of a repetitive nature in a setting that did not impose strict production quotas and involved only superficial interpersonal interactions. *Id.*

On March 26, 2010, Dr. Meyer affirmed Dr. Rivera's assessment. Case Analysis, PAGEID # 390, ECF No. 10. Dr. Meyer also reviewed Dr. Sylvester's assessment and gave her opinion little weight because her determinations that Plaintiff has a difficult time focusing and handling stressful situations were based solely on Plaintiff's own self-reporting. *Id.*

Dr. Manos evaluated Plaintiff's records and gave partial weight to Dr. Sylvester's opinion as it related to Plaintiff's physical limitations because the opinions that Plaintiff could never crawl or climb stairs and could stand or walk for only less than two hours in an eight hour day were not supported by objective medical evidence. Case Analysis, PAGEID # 391, ECF No. 10.

The ALJ gave little weight to Dr. Sylvester's opinion that Plaintiff would be unable to focus with stress and would get overwhelmed and frustrated. ALJ Dec., PAGEID # 71, ECF No. 10. He gave some weight to Dr. Briggs' opinion but rejected the portion of the opinion wherein Dr. Briggs opined that Plaintiff was markedly impaired in his ability to deal with the stress of day-to-day work. *Id.* at PAGEID # 72.

The R&R recommends affirming the Commissioner's decision because substantial evidence supported the ALJ's decision, and no reversible error was

committed. R&R 15–18, ECF No. 17. It finds that the ALJ articulated the reasons for the weight he assigned to each opinion.

In his objections, Plaintiff maintains that the ALJ failed to give sufficient reasons for rejecting the opinions of Drs. Sylvester and Briggs. Moreover, Plaintiff contests the R&R's conclusion that the record supports the ALJ's finding that Dr. Briggs' opinion on limitation was not supported fully by his own notes. Obj. 2, ECF No. 18.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a party timely objects to an R&R on a dispositive matter, the district judge reviews *de novo* any portion to which a proper objection was made. The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court must affirm the ALJ's decision if it was made pursuant to proper legal standards and is supported by substantial evidence. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at PAGEID # 730 (internal quotation and citation omitted). Even if substantial evidence exists in support of the opposite conclusion, the Court must still affirm the Commissioner's decision. *Id.* at PAGEID # 727 (citation omitted). The Court refrains from weighing

evidence or making credibility determinations upon review. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

### III. ANALYSIS

Plaintiff objects that the ALJ did not give sufficient reasons for rejecting Dr. Sylvester's and Dr. Briggs' opinions. Obj. 2, ECF No. 18. Plaintiff further objects to the Magistrate Judge's recommended finding that Dr. Briggs' opinion that Plaintiff had a marked limitation in his ability to deal with the stress of day-to-day work is not fully supported by the notes of Dr. Briggs' meeting with Plaintiff. *Id.*

Neither party objects to the Magistrate Judge's conclusions regarding the legal standards an ALJ applies in evaluating medical opinions. As such, the Court adopts that portion of the R&R.

Generally, a treating physician's opinion on the issue of disability is entitled to greater weight than that of a physician who examined the plaintiff on only one occasion or who has merely conducted a paper review of the medical evidence of record. *Hurst v. Schweiker*, 725 F.2d 53, 55 (6th Cir. 1984); 20 C.F.R. § 416.927(c)(2). If the treating source's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it is given controlling weight. 20 C.F.R. § 416.927(c)(2). On the other hand, a treating physician's opinion is not controlling when it does not contain detailed clinical and diagnostic test evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). In that event, the ALJ evaluates all the medical source evidence and

determines what weight to assign each source, including treating sources. 20 C.F.R. § 416.927(c). The ALJ considers: the length of the relationship and frequency of examination; the nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; other factors such as the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to the decision. 20 C.F.R. § 416.927(c)(1)–(6). An ALJ must provide good reasons for the weight given a treating doctor's opinion, which means the decision denying benefits must make clear the weight the ALJ gave the treating source's opinion and the reasons for that weight. Section 416.927(c)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

A non-treating, but examining, source's opinion is generally given more weight than the opinion of a non-examining source. 20 C.F.R. § 416.927(c)(1). An ALJ is not required, however, to give good reasons for the weight it gives a non-treating but examining source's opinion. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875–76 (6th Cir. 2007). The ALJ is required to consider a non-treating but examining source's opinion consistent with the factors set forth in §416.297(c). Section 416.297(c) ("Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.").

A. <u>The ALJ articulated the reasons for giving Dr. Sylvester's opinion little weight.</u>

Plaintiff's objection states generally "the ALJ did not give sufficient reasons for rejecting the opinions of examining sources and did not comply with the legal standards for evaluating evidence set forth in the Magistrate's Report and Recommendation." Obj. 2, ECF No. 18. The objection is otherwise undeveloped except to argue that had the ALJ adopted the opinions of Dr. Sylvester and Dr. Briggs, he would have found Plaintiff disabled. *Id.* at 1.

A *de novo* review of the record shows the ALJ both articulated the weight he gave Dr. Sylvester's opinion and the specific reasons for giving it that weight. Dr. Sylvester opined Plaintiff would deteriorate under stress associated with a job because he would be unable to focus with stress and would get overwhelmed and frustrated. Medical Findings Questionnaire, PAGEID # 373, ECF No. 10. The ALJ considered that opinion and gave it "little weight," ALJ Dec., PAGEID # 71, ECF No. 10.

In determining to give the opinion little weight, the ALJ evaluated the relationship between Plaintiff and Dr. Sylvester, considering the factors in 20 C.F.R § 416.427(c)(2)–(6). Specifically, the ALJ considered the length of the treatment relationship and the frequency of examination, finding that Dr. Sylvester only treated Plaintiff on a few occasions. ALJ Dec., PAGEID # 71, ECF No. 10; § 416.927(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."). Importantly, that factor

only warrants giving a treating physician's opinion more weight than a non-treating source's opinion if the treating source has seen the claimant a number of times and long enough to have obtained a longitudinal picture of the impairment. § 416.927(c)(i). Second, the ALJ considered the nature and extent of the treatment relationship, finding Dr. Sylvester did not conduct a mental status evaluation or perform any psychiatric tests in forming her opinion. ALJ Dec., PAGEID # 71, ECF No. 10; § 416.927(c)(ii) ("We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories."). Next, the ALJ considered supportability, finding there was evidence Dr. Sylvester based her opinion on Plaintiff's subjective complaints alone. ALJ Dec., PAGEID # 71, ECF No. 10; *Smith*, 482 F.3d at 877 (treating doctors "formed their opinions solely from [the plaintiff's] reporting of her symptoms and her conditions, and the ALJ found that [the plaintiff] was not credible."); § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion"). The ALJ also considered consistency, finding Dr. Sylvester's opinion inconsistent with both Dr. Manos's and Dr. Meyer's opinions. ALJ Dec., PAGEID # 71, ECF No. 10; § 416.927(c)(4) ("The more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Further, the ALJ

considered specialization, noting Dr. Sylvester was not a specialist in any physical or mental health discipline. ALJ Dec., PAGEID # 71, ECF No. 10; § 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Accordingly, the ALJ gave sufficient reasons for giving Dr. Sylvester's opinion little weight.

B. <u>The ALJ articulated the reasons for giving Dr. Briggs' opinion little weight; and Dr. Briggs' opinion was not *fully* supported by his notes.</u>

The ALJ also weighed Dr. Briggs' opinion using the same factors found in § 416.927(c) before determining to give Dr. Briggs' opinion "some weight." ALJ Dec., PAGEID # 72, ECF No. 10. The Court agrees with the Magistrate Judge that the ALJ gave sufficient reasons for assigning less weight to Dr. Briggs' opinion than he did to the opinions by Dr. Rivera and Dr. Meyer, focusing mainly on supportability and consistency.

First, the ALJ concluded that Dr. Briggs' opinion of Plaintiff's "markedly limited" functional capacity was not fully supported by the notes of his single meeting with Plaintiff, and the Magistrate Judge agreed. ALJ Dec., PAGEID # 72, ECF No. 10; R&R 17, ECF No. 17. Plaintiff objects to that finding, but the Court overrules Plaintiff's objection.

Dr. Briggs' opinion that Plaintiff was "markedly impaired" in his ability to withstand the stress and pressures associated with day-to-day work activities was justified by stating Plaintiff presented as a "highly anxious and distressed

individual." Clinical Interview, PAGEID # 327, ECF No. 10. Yet, as the ALJ stated, Dr. Briggs' notes indicate that while Plaintiff *initially* presented as highly anxious, he relaxed significantly as the interview went on, became more engaged, and more appropriately verbal. ALJ Dec., PAGEID # 72, ECF No. 10; Clinical Interview, PAGEID # 323, ECF No. 10.

Plaintiff does not explain how the R&R is incorrect on this point and does not cite the record. Rather, Plaintiff merely says "not only is [Dr. Briggs'] conclusion supported by the totality of Dr. Briggs' evaluation, but it is also supported by the opinion of his treating physician . . . ." Obj. 2, ECF No. 18. Upon *de novo* review, however, the Court agrees with the Magistrate Judge that the ALJ correctly found Dr. Briggs' "markedly limited" opinion as to Plaintiff's ability to cope with the stress of day-to-day work was not *fully* supported by Dr. Briggs' own notes.

The ALJ also considered Plaintiff's limited mental health treatment history, his reported activities of daily living, his general affect, his ability to interact at the hearing, and his hearing testimony. *Id.* Specifically, the ALJ noted Plaintiff did not appear anxious or nervous at the hearing, did not testify that interaction with other people was the reason he could not work, and appeared to have ongoing relationships with others, which contradicted Dr. Briggs' opinion that Plaintiff was an anxious and distressed individual. Moreover, the ALJ noted that Dr. Briggs conditioned his opinion that Plaintiff was precluded from performing in a *demanding* work environment. ALJ Dec. 72, PAGEID # 72, ECF No. 10.

Accordingly, the ALJ gave sufficient reasons for affording Dr. Briggs' opinion regarding Plaintiff's ability to withstand the stress and pressures associated with day-to-day work activities less weight than Dr. Rivera's or Dr. Meyer's opinions.

In sum, the ALJ gave sufficient reasons for rejecting Drs. Sylvester's and Briggs' opinions, and the ALJ's conclusion about Dr. Briggs' opinion not being fully supported by his own notes was supported by the record.

## IV. DISPOSITION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R, ECF No. 17. The decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**